Green, J.
delivered the opinion of the court.
T^e indictment alleges that the forged paper in question, Purported to be a note of seventy-five cents, payable at the treasury of North Carolina. A note for seventy-five cents, is a promise to pay that sum. Is the paper set out in the indictment such a promise or undertaking? It is not. This paper (which in the indictment is called a note) is simply a statement, that the sum mentioned in it, is payable at the treasury of North Carolina to the bearer, agreeably to the act of assembly of 1823, ch. 7. The paper ex vi termini, does not contain any promise, or purport to create any obligation per se. It refers to the act of assembly as containing the promise or obligation. If A in writing state, that B by virtue of a promise or agreement, is bound to pay to the bearer seventy-five cents, this does not purport to be an obligation or promise to pay by A.
The indictment, it is believed, ought to have averred the existence of the act of assembly, authorizing the issuing of this paper, as that which creates the promise or obligation to pay. The note upon- its face, not purporting to create any promise or obligation to pay, but-referring to the act of assembly as containing the promise, or authority, the existence, and to some extent, the terms of that act of assembly, ought to have been made the subject of a distinct averment in the indictment, so as to show that the treasury of North Carolina was bound to pay, and that therefore its rights and liabilities are a fit subject for the commission of a forgery, and that it might thereby be defrauded.
The judgment in this case must be arrested, and the defendant bound over to answer another indictment which may be preferred against him.
Judgment arrested.